Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd, Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com

Attorneys for Plaintiff, NANCY HANKINS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| NANCY HANKINS, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| UNIVERSAL RECOVERY CORPORATION, | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## COMPLAINT

NANCY HANKINS (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against UNIVERSAL RECOVERY CORPORATION, (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant is principally located and conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Citrus Heights, Sacramento County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Upon information and belief, Defendant is a corporation located in Rancho Cordova, California.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant places calls to Plaintiff's home, place of employment and cellular telephone.

14. Defendant was informed that Plaintiff could not receive its calls at her place of employment, but Defendant continued to place calls.

15. Defendant fails to leave messages when Plaintiff does not answer Defendant's calls.

16. Defendant fails to identify itself as a debt collector in subsequent communications.

17. Defendant threatened Plaintiff with legal action, but no such action has taken place.

18. Defendant threatened to garnish Plaintiff's wages, but has not done so.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(3)* of the FDCPA by contacting Plaintiff at her place of employment when Defendant knew or should have known such calls were prohibited.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress and/or abuse

Plaintiff.

c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse and/or harass Plaintiff.

d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

e. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt.

f. Defendant violated *§1692e(4)* of the FDCPA by threatening Plaintiff with wage garnishment when such action was not intended and/or lawful.

g. Defendant violated *§1692e(5)* of the FDCPA by threatening Plaintiff with legal action that Defendant did not intend to take.

h. Defendant violated *§1692e(10)* of the FDCPA by using false representations and/or deceptive means in an attempt to collection a debt.

i. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, NANCY HANKINS, respectfully requests judgment be entered against Defendant, UNIVERSAL RECOVERY CORPORATION, for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.10(e)* of the RFDCPA by threatening Plaintiff with wage garnishment when such action was not contemplated by Defendant and/or permitted by law.

   b. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without disclosure of the caller's identity.

   c. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   d. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

   e. Defendant violated *§1788.13(j)* of the RFDCPA by falsely

representing that a legal proceeding will be instituted unless payment on the alleged debt is made.

    f. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

28. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, NANCY HANKINS, respectfully requests judgment be entered against Defendant, UNIVERSAL RECOVERY CORPORATION, for the following:

29. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

*30.* Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

31. Actual damages,

32. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

33. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NANCY HANKINS, demands a jury trial in this case.

                                  RESPECTFULLY SUBMITTED,

DATED: July 13, 2009          KROHN & MOSS, LTD.

                       By:    <u>/s/Ryan Lee</u>
                              Ryan Lee
                              Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, NANCY HANKINS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, NANCY HANKINS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 7/12/09

NANCY HANKINS

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — YES NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — (YES) NO
7. Chest pains — (YES) NO
8. Feelings of hopelessness, pessimism — (YES) NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — (YES) NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — (YES) NO
15. Negative impact on my relationships — YES NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: I have congestive heart failure. The stress from the calls have been given me anxiety problems which I treat with medication

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify, or state) under penalty of perjury, that the foregoing is true and correct.

Dated: 2/12/09

Signed Name

NANCY A. HANKINS
Printed Name